IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01183-MSK-CBS

DEREK I. ALLMON,

       Plaintiff,

v.

R. WILEY, Warden,
MR. CHURCH, Captain, and
L. BRAREN, SIS Tech,

       Defendants.

---

**OPINION AND ORDER ON RECOMMENDATION OF
MAGISTRATE JUDGE**

---

**THIS MATTER** comes before the Court on the Recommendation (**#108**), issued August 25, 2011 by Magistrate Judge Craig B. Shaffer, that Defendants Wiley and Church's Motion for Summary Judgment (**#92**), Defendant Braren's Motion for Summary Judgment (**#93**) and Defendants' Motion to Strike Exhibits A and C (**#106**) be granted[1]. Plaintiff Derek Allmon filed a timely objection to the Recommendation (**#111**). The Court has reviewed the portions of the record pertinent to the objections filed by Mr. Allmon.[2] Having considered the same, the Court

---

[1] Mr. Allmon did not object to the recommendation that the Motion to Strike Exhibits A and C be granted; this portion of the recommendation is therefore adopted.

[2] The Court is mindful that Mr. Howell is proceeding *pro se* and, therefore, the Court construes Mr. Howell's pleadings liberally and holds Mr. Howell to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege

**FINDS** and **CONCLUDES** the following.

## I. Background

The full background of the case and the claims is set forth in the Recommendation and is adopted and incorporated by reference. For context and clarity, a brief summary of the relevant facts is provided.

### 1. Mr. Allmon's Conviction, Incarceration, and Court-imposed Restrictions

Mr. Allmon was convicted in 2006 of multiple federal felony counts arising out of drug trafficking, conspiracy to kill a witness, and attempting to kill a witness. He was sentenced to multiple terms of life imprisonment, plus five years. In addition, the sentencing judge recommended that Mr. Allmon "be placed in the highest security federal correctional facility."

Upon a motion by the Government, the sentencing judge also imposed a number of restrictions on Mr. Allmon's mail privileges. Specifically, Mr. Allmon was prohibited from communicating in writing with twenty-nine individuals; the court further directed that all of Mr. Allmon's communications (other than legal correspondence with counsel), either incoming or outgoing, should be copied by the Bureau of Prisons and sent to the United States Attorney for the Eastern District of Arkansas.

Mr. Allmon was transferred to the United States Penitentiary-Administrative Maximum facility ("ADX") in Florence, Colorado on October 3, 2007, where he continues to be incarcerated.

### 2. Background of Claim Against Defendant Braren

---

sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Ms. Braren is a Bureau of Prisons ("BOP") employee at ADX who was responsible for monitoring Mr. Allmon's mail and other communications for compliance with the court-ordered communications restrictions. On November 15, 2007, she intercepted a letter from Mr. Allmon to an associate in which he stated that "it is now necessary that we include four BOP employees [including Ms. Braren] in the civil action complaint, and place liens against their assets."[3]

The BOP regulations and state and federal law prohibit inmates from filing fraudulent liens and/or attempting to interfere with a BOP employee in the performance of duties. Since Mr. Allmon had no legal right to place a lien on her assets, Ms. Braren filed an incident report based on the letter. After a Disciplinary Hearing Officer ("DHO") hearing, Mr. Allmon was found to have committed a violation of prison rules, specifically interference with a BOP employee in the performance of duties, and sanctioned with 30 days of disciplinary segregation and loss of visits and property for 60 days.

### 3. Background of Claims Against Defendants Church and Wiley

Defendant Wiley was the Warden of ADX at the time of Mr. Allmon's transfer there and Defendant Church was the Associate Warden. Associate Warden Church made recommendations, and Warden Wiley accepted the recommendation, regarding Mr. Allmon's housing assignment at ADX.

On November 28, 2007, approximately two months after Mr. Allmon's transfer to ADX,

---

[3]In his objections, Mr. Allmon contends that the factual background of the Recommendation is in error because "Plaintiff never made any such statement in his letter." He also disputes the factual finding that after a disciplinary hearing, he was found to have committed the prohibited act. The Court has examined the record, which contains the letter and DHO report and concludes that the Recommendation accurately sets forth these facts. Therefore, these objections to the facts, as set forth in the Recommendation, are overruled.

he was assigned to H Unit, a highly restrictive housing unit.[4] Mr. Allmon alleges that Warden Wiley and Associate Warden Church placed him in H Unit in retaliation for grievances and complaints Mr. Allmon had filed against Ms. Braren and against the Assistant U.S. Attorney who prosecuted his case.

## II. Procedural Context and Standard of Review

Mr. Allmon filed a Prisoner Complaint (#**3**) asserting various claims against several defendants under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). After resolution of a motion to dismiss, the remaining claims were: (1) a First Amendment retaliation claim against Defendant Braren in her individual capacity for initiating disciplinary proceedings against him; (2) a First Amendment retaliation claim against Defendants Church and Wiley, in their individual capacities, based upon Mr. Allmon's reassignment within the ADX facility to H Unit; and (3) a Fifth Amendment due process claim against Defendants Church and Wiley individually, based upon the same reassignment.

The Defendants all moved for summary judgment on the grounds of qualified immunity. The Recommendation is that summary judgment be granted in favor of all three Defendants on all claims. As to the Fifth Amendment due process claim, it is recommended that summary judgment be granted in favor of Defendants Church and Wiley because the assignment to the H Unit does not implicate a liberty interest protected by the due process clause. Mr. Allmon does not object to this portion of the Recommendation. The Court has reviewed the analysis and authorities cited, and finding no clear error, adopts this recommendation.

With respect to the two First Amendment retaliation claims, several alternative grounds

---

[4]Mr. Allmon was removed from H Unit in 2009 but still given highly restrictive housing assignments.

are offered for granting the motions. Mr. Allmon has filed a number of objections to the Recommendation in this regard and so these claims will be reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Court adopts the Recommendation that the Defendants are entitled to qualified immunity, but employs a different analysis in reaching this conclusion.[5]

With respect to the standard for the underlying motions for summary judgment, Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

When the movant has the burden of proof on a claim or defense, the movant must

---

[5] Because most of the Plaintiff's objections go to either findings or analysis of the Magistrate Judge, which are not employed here, there is no need to address such objections.

establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

When the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

### III.  Analysis

As noted, the Defendants have all asserted qualified immunity as a defense to the claims. "In an action under section 1983, individual defendants are entitled to qualified immunity unless it is demonstrated that their alleged conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known." *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1251 (10th Cir. 1999).

Once a defendant has raised qualified immunity as an affirmative defense, the plaintiff bears the heavy two-part burden of demonstrating that (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established at the time of the alleged conduct.

*Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004). In *Pearson v. Callahan*, 129 S.Ct. 808 (2009), the Supreme Court held that the court has discretion to determine "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." 129 S. Ct. at 818.

To satisfy the first prong in the qualified immunity analysis Mr. Allmon must come forward with sufficient evidence to satisfy the elements of a claim for First Amendment retaliation: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

With regard to the third element that involves a subjective component, the Tenth Circuit requires that a defendant must make a *prima facie* showing of the objective reasonableness of the challenged conduct. *McBeth v. Himes*, 598 F.3d 708, 724 (10th Cir. 2010) (citations omitted). "If the defendant makes this *prima facie* showing, the plaintiff must then produce specific evidence of the defendant's culpable state of mind to survive summary judgment." *Bruning v. Pixler*, 949 F.2d 352, 356 (10th Cir. 1991).

### A. Qualified Immunity for Defendant Braren

Mr. Allmon has not come forward with sufficient evidence and authority to establish the alleged constitutional violation. Specifically, he has not shown the first element of the retaliation claim, *i.e.*, that his letter apparently soliciting the filing of fraudulent liens against BOP employees is protected by the First Amendment. In addition, he has not shown that the right he contends was violated was clearly established.

### 1.     Constitutional Violation - Protected Conduct

Mr. Allmon's claim is that Ms. Braren violated his right to communicate with someone outside the prison when she initiated disciplinary action against him based on the contents of a letter she reviewed.

There is no doubt that inmates possess a general First Amendment right to free flowing incoming and outgoing mail. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (noting that courts generally afford greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail). However, not all of the speech contained within that mail is necessarily protected. *See United States v. Parr*, 545 F.3d 491, 496–97 (7th Cir. 2008) ("the First Amendment does not preclude restrictions on certain categories of speech having little or no social value," such as threats). Moreover, an inmate's exercise of his First Amendment rights may be limited by rules reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see, e.g., Goff v. Dailey*, 991 F.2d 1437, 1140 (8th Cir. 1993) (inmate was not deprived of his First Amendment rights when disciplinary committee found that he violated rule against verbal abuse by making crude personal statements about correctional officer in presence of several other prisoners; prison had legitimate penological interest in punishing inmate for mocking and challenging correctional officer); *Jones v. Nelson*, 861 F.Supp. 983, 985-86 (D. Kan. 1994) (inmate's First Amendment rights were not violated when he received a disciplinary report for calling a correctional officer a "bitch" in violation of prison rules).

The troublesome content in Mr. Allmon's letter that led to the disciplinary action is the statement "it is now necessary that we include four BOP employees [including Ms. Braren] in the civil action complaint, and place liens against their assets." The question is whether Mr.

Allmon has shown this statement to be protected speech.  The Court concludes that he has not.

First, Mr. Allmon's statement runs afoul of BOP regulations that prohibit interference with a staff member in the performance of duties.  In 2005, the Warden implemented regulations prohibiting possession of Uniform Commercial Code forms used for filing liens as well as personal information for BOP employees because inmates were filing fraudulent liens against the property of BOP employees such that it was interfering with the employees' ability to perform their work.  In addition, the solicitation to file false/fraudulent liens may violate a number of federal and state statutes.  *See, e.g*., 18 U.S.C. § 1521.

Mr. Allmon's only showing with regard to that issue is his reliance on the May 26, 2010 Order (**#80**) by Judge Zita L. Weinsheink resolving the Defendants' Motion to Dismiss.  His reliance on this Order is misplaced.  In the Order, Judge Weinsheink declined to dismiss Mr. Allmon's claim on the grounds that the letter did not appear to violate Colo. Rev. Stat. §18-5-114, which prohibits filing spurious liens.

The Order, however, only looked at the narrow question of whether a state criminal prosecution could be brought based on the letter.  The Order did not address the question of whether Mr. Allmon has a First Amendment right to engage in correspondence containing contents that violate BOP regulations or that could be construed as soliciting the filing of illegal spurious liens.  *Jackson v. Thurmer*, 748 F.Supp.2d 990, 1001, (W.D. Wis. 2010) ("the standard under the First Amendment for determining what speech is protected from criminal prosecution is not the same as the standard for determining appropriate prison discipline").

Because Mr. Allmon has not demonstrated that the speech he was engaged in was constitutionally protected, he cannot demonstrate a constitutional violation.  Accordingly, Ms Braren is entitled to qualified immunity.

### 2.    Clearly Established Constitutional Right

Even assuming that Mr. Allmon's statement was protected speech, to avoid the defense of qualified immunity, he has to demonstrate that its status as such was "clearly established" at the time Ms. Braren acted. *Medina v. Cram*, 252 F. 3d 1124, 1128 (10th Cir. 2001). Ordinarily, a plaintiff must come forward with legal authority showing similar facts and recognition of the protected right. Here, Mr. Allmon has offered no legal authority demonstrating that contents of a letter prohibited by prison rules was protected speech. This, too, leads to the conclusion, that Ms. Braren is entitled to qualified immunity.

### B.    Qualified Immunity for Defendants Church and Wiley

Mr. Allmon alleges that his reassigned from the general population unit ("G Unit") at ADX to H Unit was the result of retaliation by Defendants Wiley and Church due to Mr. Allmon's complaints and grievances about Ms. Braren and about the Assistant U.S. Attorney who prosecuted the case leading to his conviction.

As with the earlier claim, to avoid a finding of qualified immunity Mr. Allmon must show the violation of a constitutional right that was clearly established. Focusing on whether there is sufficient evidence to support the violation of a constitutional right, the Court notes that Mr. Allmon must show that (1) he was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

Mr. Allmon's filing of grievances and complaints satisfies the first element, but he has not made an adequate showing with regard to the second and third elements - an adverse action

and retaliatory motivation.

### 1.     No showing of an Adverse Action

Mr. Allmon's claim is premised on the assertion that he was moved from the general population at the prison to a special, more restrictive unit. However, the record does not show that Mr. Allmon was ever assigned to the general population. To the contrary, the extensive prison records showing every housing assignment of Mr. Allmon has had since his arrival at ADX, show that he never was assigned to the general population and at the time of the transfer Mr. Allmon was assigned to the Special Housing Unit (or Z Unit).

The only evidence suggesting that Mr. Allmon was assigned to the general population (G Unit) is an *ad hoc* reference by a BOP employee in a response to a grievance. In this document, Mr. Allmon's housing assignment was listed as "G/Z." However, there is nothing in the record that indicates the meaning or purpose of this acronym in this context. Mr. Allmon's assertion that this demonstrates his assignment is regarded as a "mere scintilla of evidence supporting the nonmoving party's theory" and as such, it is insufficient to create a genuine dispute as to a material fact. *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir.1999). Given the record here, no reasonable jury could find that Mr. Allmon had ever been assigned to general population based on the single entry on one form, particularly when that form was a not record concerning housing assignments. Because Mr. Allmon has not established that he was moved from a the general population to more restrictive housing, he fails in showing an adverse action.

### 2.     No Retaliatory Motivation

Mr. Allmon also has not presented specific evidence to rebut the Defendants' showing of an objectively reasonable basis for placing Mr. Allmon in a restrictive unit. The Defendants have come forward with evidence that Mr. Allmon was placed in H Unit because he was subject

to court-ordered communication restrictions and findings that he had previously threatened or attempted to kill witnesses and had successfully circumvented efforts to restrict his ability to communicate with witnesses and others.[6]  Defendants have shown that by placing Mr. Allmon in the H Unit, Mr. Allmon's communications could be monitored and he would be prevented from passing along communications through inmates who were not subject to the same types of restrictions.  In response to this showing, Mr. Allmon offers nothing other than conclusory and speculative assertions[7] suggesting retaliatory intent by these Defendants.  Such is not sufficient to rebut Defendants' showing.

As to this claim, Mr. Allmon has not come forward with evidence to show a constitutional violation.  As a consequence, the Defendants are entitled to qualified immunity.

**IT IS THEREFORE ORDERED** that

(1) The conclusion of Recommendation (#**108**) is **ADOPTED.**

(2) Defendants Wiley and Church's Motion for Summary Judgment (#**92**), Defendant Braren's Motion for Summary Judgment (#**93**) and Defendants' Motion to Strike Exhibits A and C (#**106**) are **GRANTED**.

---

[6] Mr. Allmon objects to this on the grounds that "said allegations are just outright lies" from ADX staff or "snitches."  Mr. Allmon's conclusory assertion in this regard does not demonstrate that the Defendants did not have a reasonable basis for making their decision regarding Mr. Allmon's housing.

[7] He also provides inadmissible hearsay statements, which are not sufficient to carry his burden of proof.

(3)     The Clerk of the Court shall enter judgment in favor of Defendants and against Plaintiff on all claims and terminate the case.

Dated this 27th day of September, 2011

                    **BY THE COURT:**

*/s/ Marcia S. Krieger*

                    Marcia S. Krieger
                    United States District Judge